CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 23, 2013

LETTER TO COUNSEL:

    RE:    *Barbara Barnett v. Commissioner, Social Security Administration*;
            Civil No. SAG-11-2562

Dear Counsel:

    On September 9, 2011, the Plaintiff, Barbara Barnett, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Barnett filed her claim for benefits on March 22, 2007, alleging disability beginning September 1, 2000.[1] (Tr. 122-25). Her claim was denied initially on September 21, 2007, and on reconsideration on January 31, 2008. (Tr. 70-75). A hearing was held on August 17, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 24-58). Following the hearing, on September 28, 2009, the ALJ determined that Ms. Barnett was not disabled during the relevant time frame. (Tr. 9-23). The Appeals Council denied Ms. Barnett's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Barnett suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, bilateral knee osteoarthrosis, anxiety, and depression. (Tr. 15). Despite these impairments, the ALJ determined that Ms. Barnett retained the residual functional capacity ("RFC") to:

---

[1] The ALJ appropriately noted that Ms. Barnett had already filed three other applications for benefits involving the same time frame, all of which have been denied. (Tr. 12).

> [P]erform unskilled sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that she should lift no more than 5 pounds, be able to arise from a seated position 4-5 times an hour, should avoid reaching and handling that is constant or repetitive, and she should avoid minimal exposures to environmental irritants and hazards, such as heights and moving machinery.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Barnett could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 21-22).

Ms. Barnett presents two primary arguments on appeal: (1) that Medical Vocational Guideline Rule 201.14 should have governed her case; and (2) that the ALJ erroneously assessed her RFC. Each argument lacks merit.

Ms. Barnett's first argument is that she should have been awarded benefits as of her fiftieth birthday, under Medical Vocational Guideline Rule 201.14. That Rule provides that a person "closely approaching advanced age" (ages 50-54), with restriction to sedentary employment and with prior skilled or semi-skilled experience but no transferable skills, is deemed "disabled." Despite the ALJ's express finding that Ms. Barnett had transferable clerical skills from her prior work as a bookkeeper, (Tr. 21), Ms. Barnett contends that Rule 201.14 should apply to her case. Her logic is as follows: the ALJ's finding that she has transferable skills exempts her from qualification under Rule 201.14. However, "transferable skills" are defined as skills that transfer to other skilled or semi-skilled positions. *See* SSR 82-41. Because the ALJ's RFC limits her to unskilled work, she posits, she would not be able to transfer her clerical skills, and thus should qualify as "disabled" under Rule 201.14.

Ms. Barnett's logic is flawed. The question whether she can actually transfer her skills to her new position is separate from the question of whether she meets the criteria of Rule 201.14. "Rule 201.14 cannot apply, however, because, by definition, it only applies when an individual lacks transferable skills." *Lapica v. Commissioner of Social Security*, No. 12–10154, 2012 WL 6571081, at *2 (11th Cir. Dec. 14, 2012) (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(a) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled.")). It is further worth noting that the ALJ did not rely on Rule 201.15, the corresponding Rule for persons of the same age, work experience, and exertional capacity with transferable skills. Instead, the ALJ appropriately considered VE testimony to determine whether Ms. Barnett was capable of employment, which is the same approach endorsed by the Eleventh Circuit in *Lupica. Id.* at *3 ("The unskilled work limitation is not considered in deciding which grid rule to apply, because the ultimate decision of disability is determined by whether a significant number of jobs exist at the unskilled level that a claimant with the specific vocational factors and RFC could perform."). Accordingly, the ALJ did not err.

Ms. Barnett's challenge to her RFC has three subparts. First, she complains that the RFC includes no limitations to account for her mental impairments, including anxiety, depression, and moderate difficulties with regard to concentration, persistence, or pace. However, the ALJ cited to persuasive evidence suggesting that no actual functional limitations existed, particularly Ms. Barnett's declination of anti-depression medications, the results of the consultative examination by Dr. Freedenburg, and Ms. Barnett's activities of daily living. (Tr. 20-21). An ALJ is not required to include a limitation in the RFC corresponding to each severe impairment, and Ms. Barnett has not established the existence of any functional limitation that was not addressed in her RFC for unskilled work. See SSR 83-10 (defining "unskilled work" as "work which need little or no judgment to do simple duties."). As a result, remand is not appropriate.

Second, Ms. Barnett submits that the ALJ failed to consider adequately the opinion of the state agency consultant, Dr. Lessans. Ms. Barnett is correct that Dr. Lessans checked eight "moderate limitations" in Section I of the opinion, and that the ALJ did not include all eight limitations in his hypothetical. (Tr. 336-38). However, the relevant portion of Dr. Lessans's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations, and need not include each of those limitations in the hypothetical to the VE. *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Section III of Dr. Lessans's opinion comports with the ALJ's findings of moderate limitations in concentration, persistence and pace, but the overall ability to perform unskilled work. (Tr. 338) ("Residual capacity finds that the claimant can attend to activities of daily living independently from a mental health standpoint. The claimant appears to have the ability to interact with others socially. Attention and concentration may fluctuate at times due to the effects of the conditions.").

Ms. Barnett's third argument is that the ALJ failed to provide a "more detailed" assessment of her capacity to perform the mental demands of work while assessing her RFC. Pl. Mot. 12-14. Ms. Barnett's argument consists entirely of boilerplate, with the exception of a single, unexplained transcript citation on page 11 to Dr. Lessans's Mental Residual Functional Capacity (MRFC) form indicating that Ms. Barnett has eight areas of moderate limitation. (Tr. 336-38). Ms. Barnett provides no analysis of how a "more detailed" assessment of that form, or any other evidence, might have resulted in a different outcome. The ALJ's RFC determination provides substantial evidence to support his assessment that Ms. Barnett would be capable of gainful employment from a mental health perspective. (Tr. 20-21) (citing the evaluations from Dr. Gonzalez and Dr. Freedenburg, the lack of adherence to a medication regimen for mental health issues, and the activities of daily living). Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                Sincerely yours,

                                                /s/

                                                Stephanie A. Gallagher
                                                United States Magistrate Judge